# **Exhibit 1**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Plaintiffs Kansas Gilleo, Sydney Rusen, Esteban Morales, Douglas Wallace, Brett Rigas, and Evencio Diaz ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendant California Pizza Kitchen, Inc. ("CPK" or "Defendant") (all parties collectively referred to as the "Parties").

## RECITALS

**WHEREAS**, Plaintiffs in the first four filed related cases, *Gilleo, et al. v. California Pizza Kitchen, Inc., et al.*, No. 8:2021-cv-01928-DOC-KES; *Morales v. California Pizza Kitchen, Inc.*, No. 8:21-cv-01988-DOC-KES; *Wallace et al. v. California Pizza Kitchen, Inc.*, No. 8:21-cv-01970-DOC-KES; and *Rigas, et al. v. California Pizza Kitchen, Inc.*, Case No. 8:21-cv-02004-DOC-KES filed putative class actions alleging that CPK failed to adequately safeguard its current and former employees' (and their family members') electronically stored private information (the "Consolidated Cases"). Plaintiffs and the putative classes sought monetary and equitable relief;

**WHEREAS**, Plaintiffs in the Consolidated Cases asserted claims against CPK, *inter alia*, for (i) negligence, (ii) negligence *per se*, (iii) declaratory judgment, (iv) violation of the New York General Business Law; (v) violation of California's Unfair Competition Law; (vi) violation of California's Consumer Records Act; (vii) violation of the California Consumer Privacy Act; (viii) breach of implied contract; (ix) breach of confidence; (x) bailment; and (xi) violation of state data breach statutes;

**WHEREAS**, after the Court consolidated these first four filed cases on February 15, 2022, and designated the Consolidated Cases as *In re California Pizza Kitchen Data Breach Litigation*,

1

Master File No. 8:21-cv-01928-DOC-KES, the Parties agreed to engage in voluntary settlement negotiations and scheduled a formal mediation;

**WHEREAS**, after one full day and an additional half day of mediation (utilizing the services of JAMS mediator Bruce A. Friedman) and arms'-length negotiations between competent and experienced counsel for the Parties, on March 15, 2022, the Parties agreed to the terms of a proposed settlement, desiring to resolve the Consolidated Cases rather than continue litigating;

**WHEREAS**, Plaintiffs and their counsel believe that, in consideration of all the circumstances, and after a day and a half of mediation and prolonged and serious arm's-length settlement negotiations with CPK, the proposed settlement embodied in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of all members of both the Settlement Class and the California Settlement Subclass (as defined in Section 1 below);

**WHEREAS**, CPK indicated its intent to contest every claim in the Consolidated Cases and maintained that it has consistently acted in accordance with governing laws, but after prolonged arm's-length settlement negotiations with Plaintiffs' counsel and considering the expenses that would be required to defend the Consolidated Cases and the benefits of a final resolution and classwide release, concluded that it is in its best interests to settle the Consolidated Cases based on the terms and conditions in this Settlement Agreement;

**WHEREAS**, the Parties and their respective counsel have engaged in formal mediation and arm's-length settlement negotiations and mutually desire to settle the Consolidated Cases fully, finally, and forever on behalf of the Settlement Class, the California Settlement Subclass, and for the Released Claims (defined in Section 9 below) in accordance with the terms and conditions of this Settlement Agreement, which the Parties believe constitutes a fair and reasonable

compromise of the claims and defenses asserted in the Consolidated Cases and upon final approval of the Court;

**WHEREAS**, based on their evaluation of the facts and the law, Plaintiffs and their counsel (hereinafter "Class Counsel") have agreed to settle the Consolidated Cases after considering such factors as (1) the benefits to the Settlement Class; (2) the risk, uncertainty, cost, and delay of litigation; and (3) the desirability of obtaining relief for Plaintiffs, the Settlement Class, and the California Settlement Subclass now rather than later (or not at all);

**WHEREAS**, Plaintiffs and Class Counsel have determined that this Settlement Agreement provides substantial benefits to the Settlement Class and represents a fair, reasonable, and adequate settlement of the claims that are or could have been alleged in the Consolidated Cases;

**WHEREAS**, CPK and its counsel have made similar determinations, and, while denying wrongdoing, CPK enters into this Settlement Agreement to avoid the expense, inconvenience, and inherent risk of litigation, as well as the concomitant disruption of its business operations.

## CERTIFICATION OF SETTLEMENT CLASS

1. **The Settlement Class and California Settlement Subclass**: The Settlement Class is defined as follows:

> "All persons who were sent notice of the Data Security Incident announced by defendant on or about November 15, 2021."

The California Settlement Subclass is defined as follows:

> "All persons residing in California who were sent notice of the Data Security Incident announced by defendant on or about November 15, 2021.".

Specifically excluded from the Settlement Class and California Settlement Subclass are: (i) CPK's officers and directors at the time of the mediation and/or at the time of the signing hereof; (ii) any entity in which CPK has a controlling interest; and (iii) the affiliates, legal representatives,

3

attorneys, successors, heirs, and assigns of CPK. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. The Settlement Class and California Settlement Subclass are estimated to include 103,767 and 30,781 individuals, respectively.

  **2.** **<u>Certification of Settlement Class</u>**: Promptly after execution of this Settlement Agreement, Class Counsel will ask the Court to issue an order certifying the Settlement Class and California Settlement Subclass for settlement purposes only, appointing Plaintiffs the Settlement Class Representatives, and appointing the following attorneys as "Settlement Class Counsel": Mason Barney of Siri & Glimstad LLP; David Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; Daniel O. Herrera of Cafferty Clobes Meriwether & Sprengel LLP; and Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP. CPK agrees not to object to this request without waiver of its right to contest certification or the merits of the Consolidated Cases if the settlement does not receive final approval or the Effective Date (defined in Section 16 below) does not occur.

**<u>RELIEF TO THE SETTLEMENT CLASS</u>**

  **3.** **<u>Relief to the Settlement Class</u>**: If the proposed settlement receives final approval, CPK will provide benefits to members of the Settlement Class as follows:

  a. <u>Compensation for Out-of-Pocket Losses and Lost Time</u>: Defendant will agree to make available the following compensation to Settlement Class and California Settlement Subclass members who submit valid and timely claim forms with supporting documentation ("Claimants"). Claims will be subject to review for completeness and plausibility by a Claims Administrator, and the Claimants will have the opportunity to seek

review by the Settlement Referee designated herein, if they dispute the Claims Administrator's determination.

b. <u>Compensation for Ordinary Losses</u>: Defendant will provide compensation for documented unreimbursed out-of-pocket expenses and lost time, up to a total of $1,000 per person, upon submission of a claim and supporting documentation, such as, but not limited to, the following:

    i. Out-of-pocket expenses incurred as a result of the Data Security Incident,[1] including unreimbursed bank fees (such as card replacement and over-limit fees), interest on short-term loans, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

    ii. Out-of-pocket expenses incurred for credit reports, credit freezes, credit monitoring, or other identity theft insurance product purchased between September 15, 2021 and the date of the close of the Claims Period (defined in Section 12 below);

    iii. Up to 3 hours of lost time, at $20/hour, if at least one full hour was spent dealing with the Data Security Incident.

c. <u>Compensation for Extraordinary Losses for a Victim of Actual Identity Theft</u>: Defendant will provide up to $5,000 in compensation to each Claimant for proven monetary loss as a result of actual identity theft if:

    i. The loss is an actual, documented, and unreimbursed monetary loss;

---

[1] Data Security Incident means the cybersecurity incident involving Defendant giving rise to the action.

5

      ii.      The loss was more likely than not caused by the Data Security Incident;

      iii.     The loss occurred after the Data Security Incident;

      iv.     The loss is not already covered by one or more of the other reimbursement categories; and

      v.      the settlement class member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

  d.  <u>California Statutory Claim Benefits</u>: In addition to the above benefits, the California Settlement Subclass members will also be eligible for a separate, California statutory damages award. The amount awarded to California Settlement Subclass members who submit a claim shall be $100. This additional amount can be combined with a claim for reimbursement for Lost Time, with reimbursement for Out-of-Pocket Losses, and (if applicable) with reimbursement for Extraordinary Losses, and shall be subject to the $1,000 cap on compensation for ordinary losses and lost time.

  e.  <u>Credit Monitoring</u>: 24 months of 3 bureau credit monitoring to Settlement Class members who enroll. This service will have substantially the same scope as identity monitoring services previously offered by CPK in its notification letters. For Settlement Class members who selected and enrolled in the 12 months of identity monitoring previously offered by CPK, the credit monitoring offered under this settlement shall be in addition to that period.

**4.** **<u>Claims Payments</u>**.

a. <u>Payments</u>. The Claims Administrator will, at the election of the Claimant, mail award checks or send funds electronically (in an electronic payment format recommended by the Claims Administrator, such as PayPal or Venmo, and agreed-upon by the parties) for approved claims within 30 days following the Effective Date upon submission of a valid claim form and after CPK's or the Claims Administrator's confirmation through review of CPK's records that the Class Member is entitled to relief, or the Class Member's submission of sufficient documentation demonstrating an entitlement to relief under the settlement, whichever is later. No distributions will be made without authorization from the parties. A copy of the claim form agreed to by the parties is attached as Exhibit A.

b. <u>Returned Checks</u>. If a check is returned as undeliverable, the Claims Administrator will re-mail the check if a forwarding address is provided. If a new address is not provided, or if the check is re-mailed and returned, the check will be cancelled and there will be no further obligation to attempt to make a payment to that class member.

c. <u>Uncashed/Cancelled Checks</u>. Checks shall be valid for at least 90 days from the date of issue. A Class Member whose check is uncashed after the 90-day period may request a new check for up to six months from the date of the original check. Upon request, the Claims Administrator will provide Class Counsel with a report on uncashed or cancelled checks.

**5.     Attorneys' Fees, Costs, and Service Award**:

(a)     Attorneys' Fees and Costs. CPK agrees not to object to Plaintiffs' request for combined attorneys' fees and costs to Class Counsel in an amount not to exceed a total of $800,000, inclusive of costs ("Class Counsel Payment"). Class Counsel and Plaintiffs agree not to seek or accept a Class Counsel Payment greater than $800,000. Class Counsel will petition for

7

approval of the Class Counsel Payment at least 14 days before the deadline for Settlement Class members to exclude themselves from the settlement or object thereto, or any other deadline set by the Court. CPK will pay the amount approved by the Court that does not exceed $800,000.

The Court-approved Class Counsel Payment will not affect any benefits provided to Class Members or Plaintiffs. CPK will pay by wire transfer or check the Court-approved Class Counsel Payment within 15 business days of (1) the Effective Date or (2) the entry of an order awarding a Class Counsel Payment, whichever is later, to the attorney trust account of Class Counsel. CPK's obligations with respect to the Court-approved Class Counsel Payment shall be fully satisfied upon receipt of the funds by Class Counsel.  Class Counsel will be responsible for any loss that may occur after receipt of the funds and for allocating the Court-approved Class Counsel Payment among Class Counsel or others. CPK will have no responsibility or liability in connection with the allocation of the Court-approved Counsel Payment, or for any tax obligations or payments associated with the payment. Class Counsel will bear all liability, and CPK will bear no liability (beyond the Court-approved Class Counsel Payment itself) in connection with any claim for payment made by any attorney who claims to have rendered services to, for, or on behalf of Plaintiffs, any Settlement Class member, or Class Counsel in connection with the Consolidated Cases and this settlement.

Except for the Court-approved Class Counsel Payment, Class Counsel will be responsible for all fees, costs, and expenses incurred by Plaintiffs or Class Counsel in connection with the Consolidated Cases. No interest will accrue with respect to the Court-approved Class Counsel Payment.

(b)     Service Award. CPK agrees not to object to Plaintiffs' request for a service award in an amount not to exceed $2,000 for each named Plaintiff listed in this Settlement Agreement

and Release for their time and effort on behalf of the Settlement Class. Class Counsel and each Plaintiff agree not to seek or accept an incentive award greater than $2,000. Class Counsel will petition for approval of the service award at least 14 days before the opt-out or objection deadline, or any other deadline set by the Court. CPK will pay the amount approved by the Court that does not exceed $2,000 per named Plaintiff. The Court-approved service award will not affect any other benefit provided to Class Members, including Plaintiffs. CPK will pay the Court-approved service awards within 15 business days of (1) the Effective Date or (2) the entry of an order approving the service awards, whichever is later, by wire transfer or check to the attorney trust account of Class Counsel, so long as the necessary documentation is provided by Class Counsel. CPK's obligation for payment of any Court-approved service award will be fully satisfied upon receipt of the check or wire transfer to Class Counsel. Plaintiffs will bear all liability, and CPK will bear no liability, for payment of taxes due, if any, on the Court-approved service award. No interest will accrue with respect to the Court-approved service award if paid in accordance with this Settlement Agreement.

6. **Business Practice Commitments:**

CPK, having engaged a third-party cybersecurity consultant that provided forensics, recovery, and remediation following the Data Security Incident, agrees to maintain certain recently implemented business practices and remedial measures as set forth below ("Business Practice Commitments") for a period of three (3) years following the Effective Date. These Business Practice Commitments are specific commitments and remedial measures designed to include continuous threat assessment processes to maintain CPK's security posture, and to provide protection against threats now and in the future, specifically with respect to the personally identifiable information of current and former employees, and include the following:

(a) Endpoint protection: Ensure implementation of endpoint security measures, including appropriate implementation of endpoint security applications, patching mechanisms, logging and alerting.

(b) Enhanced password protection. Require users to employ more complex account passwords, and to change those passwords on a regular basis.

(c) Multi-factor authentication. Require multi-factor authentication in order to gain external access to email servers or systems located on CPK's networks.

(d) Cybersecurity training and awareness program: Enhanced internal training and education for all employees in order to better enable them to identify potential security threats.

The Parties acknowledge that technical requirements for securing information evolve and change dynamically. In the event that technological or industry developments, or intervening changes in law or business practices, render specific Business Practice Commitments obsolete or make compliance by CPK with them unreasonable or technically impractical, CPK may modify its business practices as necessary to ensure appropriate security practices are being followed. All costs associated with implementing the Business Practice Commitments will be borne by CPK separate and apart from the relief afforded to Settlement Class members.

## SETTLEMENT ADMINISTRATION

**7.** **Settlement Administration**:

(a) The Parties have selected Epiq Class Action and Claims Solutions, Inc. ("Epiq") to serve as the third-party settlement claims administrator ("Claims Administrator"), provide notice of the settlement to the Settlement Class and otherwise administer the settlement, subject to Court approval. The Claims Administrator will administer the settlement, including (i)

not later than ten (10) calendar days after the filing of this Settlement Agreement with the Court, the Settlement Administrator, on Defendant's behalf shall serve or cause to be served notice of the proposed Settlement upon the appropriate federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C. §1715, et seq. ("CAFA") (ii) providing direct-mail postcard notification of the proposed settlement to the same people to whom CPK sent a pre-Lawsuit Notice of Data Event or similar written notice of the Data Security Incident that gives rise to this action, or email notice where valid email addresses are available; (iii) creating and hosting a website, publicly accessible for at least six months after the Effective Date, dedicated to providing information related to these Consolidated Cases, including access to relevant publicly available court documents, the settlement and this Settlement Agreement, including the short and long-form notices of the settlement (attached hereto as Exhibits B and C), and provide Settlement Class members with the ability to submit claims and supporting documentation for compensatory relief; (iv) maintaining a toll-free telephone number and P.O. Box by which Settlement Class members can seek additional information regarding this Settlement Agreement; (v) processing claims and supporting documentation submissions, and providing approved payments to Settlement Class members; (vi) processing requests for exclusion from Settlement Class members; and (vii) any other provision of this Settlement Agreement that relates to the settlement and claims administration. Upon reasonable notice, the Claims Administrator and CPK will make available for inspection by Class Counsel information reasonably necessary for Class Counsel to confirm that the Claims Administrator and CPK have complied with the settlement administration aspects of this Settlement Agreement.

(b) Review and Assistance. Class Counsel and CPK will be permitted to audit and review actual (or summary reports on) claims made, claims approved or denied, checks issued,

calculation of benefits under the settlement, and returned checks and uncashed checks to assist with the effectuation of the settlement and the Parties' respective desire to reasonably ensure that the benefits are administered in a manner to attempt to reach each Settlement Class member.

    (c)  Cost of Settlement Administration. CPK will be responsible for the cost of settlement administration, including the payment of the Claims Administrator. The cost of settlement administration will not affect any benefit provided to Settlement Class members, including Plaintiffs. Except for the Court-approved Class Counsel Payment and Court-approved service awards, CPK will not be responsible for, and will not pay, any additional costs or fees incurred by Plaintiffs or Class Counsel with respect to the negotiation, implementation, or administration of the settlement, or any costs incurred by any Settlement Class member in connection with participating in, opting out of, or objecting to the settlement.

    (d)  Dispute Resolution. In the event of a dispute over the validity of a claim or the denial of a check reissuance request, Settlement Class members or CPK shall be entitled to submit their claim to the designated Claims Referee, Bruce A. Friedman, Esq.. Settlement Class members or CPK must first notify the Claims Administrator that they intend to pursue the dispute resolution process, and CPK will have the option, at its sole discretion, to negotiate with the Settlement Class member to attempt to resolve the dispute, provided that CPK provides prior written notice to Class Counsel of its intent to do so. If CPK elects not to undertake a negotiation process or the process does not resolve the dispute within 10 days from the date the Settlement Class member or CPK notifies the Claims Administrator of the dispute, the Settlement Class member or CPK may then submit the claim to Claims Referee. CPK will provide notice to Class Counsel of any claims submitted to the Claims Referee. The Claims Referee's findings will be final and binding on both parties. CPK will pay the Claims Referee's fees for the dispute resolution

process. Settlement Class members and CPK will each bear their own attorneys' fees and any other costs of the dispute resolution process, if any. Class Counsel will have the option, but not the obligation, to participate in the dispute resolution process.

        **8.**        **No Other Financial Obligations on CPK:** CPK will not be obligated to pay any fees, expenses, or costs in connection with the Consolidated Cases or this Settlement Agreement other than the amounts and categories specifically provided for in this Settlement Agreement.

## RELEASE

        **9.**        **Release:** Upon the Effective Date, Plaintiffs named in this Settlement Agreement and every Settlement Class member (except those who timely opt out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in this Settlement Agreement, fully and finally release CPK, its parents, subsidiaries, and affiliates, and all of their present and former officers, directors, employees, agents, attorneys, representatives, insurers, and legal representatives from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to the Data Security Incident announced by CPK on or about November 15, 2021, and all other claims arising out of the Data Security Incident announced by CPK on or about November 21, 2021, that were asserted, or that could have been asserted, in the Consolidated Cases. The claims released in this section are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

Plaintiffs and the Settlement Class members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL REELASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE

13

MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and the Settlement Class agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in this Settlement Agreement, and agree that this is an essential term of this Settlement Agreement. Plaintiffs and the Settlement Class acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in this Settlement Agreement. Nevertheless, Plaintiffs and the Settlement Class fully, finally, and forever settle and release the Released Claims against the Released Parties.

**10.    No Release of Unrelated Claims**

Notwithstanding the foregoing, the Parties expressly agree and acknowledge that the Release negotiated herein shall not apply to any litigation or claim not related to or arising out of the Data Security Incident.

**SETTLEMENT APPROVAL PROCESS**

**11.    Preliminary Approval Order:** Plaintiffs will petition the Court for an order preliminarily approving this Settlement Agreement (the "Preliminary Approval Order") promptly after this Settlement Agreement has been fully executed. A copy of the proposed Preliminary Approval Order is attached as Exhibit D.

**12.    Class Notice:** Within 10 days of entry of the Preliminary Approval Order, CPK will provide the Claims Administrator with a list of Settlement Class members in Excel format that includes, to the extent available, the name and physical mailing address of each Settlement Class member, and the email address of each current employee who has a cpk.com email address and is a Settlement Class member. By no later than 30 days following entry of the Preliminary

14

Approval Order (the "Notice Date"), the Claims Administrator will send the Notice of Proposed Settlement (attached as Exhibit B) to Settlement Class members. The Notice of Proposed Settlement will advise that Settlement Class members have 90 days from the Notice Date to submit a claim for compensation (the "Claims Period"). The Claims Administrator will send Settlement Class members to whom CPK previously mailed notice of the Data Security Incident the above notice by U.S. mail or email where valid email addresses are available. Before mailing notice by U.S. mail, the Claims Administrator will update the Class Members' addresses through a reliable service of the Claims Administrator's choosing that is consistent with its customary business practices. If a notice is returned to the Claims Administrator as undelivered and a forwarding address is provided, the Claims Administrator will re-mail one additional time to the new address.

13. **Right of Exclusion:** Settlement Class members who submit a timely written request for exclusion from the Settlement Class will be excluded from the Settlement Class. A request for exclusion must be in writing and must state the name, address, and phone number of the person seeking exclusion. Each request must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the CPK lawsuit." The request must be mailed to the Claims Administrator at the address provided in the Class Notice, and postmarked no later than 60 days after the Notice Date, or any other date set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not mailed by the deadline will be invalid, and the person submitting the request will remain a Settlement Class member. A Settlement Class member who cashes a check from CPK or submits a valid claim form is not eligible for exclusion, and any request for exclusion will be invalid. Class Counsel will file a list of Settlement Class members requesting exclusion with the Court. If more than two percent (2%) of the Settlement

Class members request exclusion, CPK will have the right, at its sole discretion and within five business days after receipt of the list of exclusions from the Claims Administrator, to terminate this Settlement Agreement and render the settlement void and of no effect.

14. **Right to Object:** Any Settlement Class member who objects to the settlement may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to present any relevant evidence or argument. No Settlement Class member will be heard and no papers submitted thereby will be considered unless, no later than 60 days after the Notice Date, or any other date set by the Court, the Settlement Class member files with the Court, or mails or emails to Class Counsel and CPK's counsel written objections that include: (1) the title of the case; (2) the Settlement Class member's name, address, and telephone number; (3) all legal and factual bases for any objection; (4) copies of any documents that the Settlement Class member wants the Court to consider, and (5) the identity of the objector's attorney, if any. Should the Settlement Class member wish to appear at the Final Approval Hearing, the Settlement Class member must so state, and must identify any documents or witnesses the Settlement Class member intends to call on his or her behalf. Any Settlement Class member who fails to object in this manner will be deemed to have waived any objections.

15. **Final Judgement Order:** At the final approval hearing, the parties will ask the Court to enter final approval order and judgment (the "Final Judgment and Order"). A copy of the proposed Final Judgment and Order is attached as Exhibit E.

16. **Finality of Judgment:** The Final Judgment and Order will be deemed final, and the Effective Date will occur 35 days after the Final Judgment Order is entered if no notice of appeal or motion tolling the time for appeal is filed, or, if any such document is filed, 14 days after all appellate proceedings (including proceedings in the Court in the event of a remand) have been

finally terminated and this Settlement Agreement has been finally approved in all material respects.

## MISCELLANEOUS PROVISIONS

17. **Integration and Drafting:** This Settlement Agreement was drafted and negotiated by counsel for the Parties at arm's-length. It sets forth the entire agreement among the Parties.

18. **Amendment, Court Approval, Extensions:** This Settlement Agreement may not be amended without the written consent of all Parties and approval of the Court; provided, however, that the Parties may agree to reasonable extensions of time to carry out any provision of this Settlement Agreement, and provided further that any extension of more than 30 days must be approved by the Court.

19. **Construction:** This Settlement Agreement has been drafted by all Parties and shall not be construed for or against any of the Parties.

20. **Integration of Exhibits:** The exhibits to this Settlement Agreement are incorporated by reference and are an integral part of this Settlement Agreement.

21. **Counterparts:** This Settlement Agreement may be executed in counterparts, each of which will be considered an original. Executed signature pages are valid and enforceable whether they are originals or copies, and whether transmitted by facsimile, email, or any other means.

22. **No Evidence, No Admission:** In no event shall this Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Consolidated Cases or in any other proceeding, except in a proceeding to enforce this Settlement Agreement (including its release). Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations will be offered or received as evidence, or as

an admission or concession, by any person of any matter, including but not limited to any alleged wrongdoing on the part of CPK or the appropriateness of certification of any class.

23. **Tax Consequences:** CPK gives no opinion as to the tax consequences of the settlement to Settlement Class members or anyone else. Each Settlement Class member's or other person's tax obligations, if any, and the determination of those obligations, are the sole responsibility of the Settlement Class member or other person. CPK will act as it determines is required by the Internal Revenue Code in reporting any settlement benefits provided pursuant to this Settlement Agreement.

24. **Cooperation in Effecting Settlement:** The Parties, their successors and assigns, and their attorneys will implement this Settlement Agreement in good faith, use good faith in resolving any disputes that may arise in the implementation of this Settlement Agreement, cooperate with one another in seeking Court approval of this Settlement Agreement, and use their best efforts to effect the prompt consummation of this Settlement Agreement.

25. **Publicity:** The Parties will not make any public statement about the settlement that has not been approved by the other side, except as required or authorized by law. Approval of any proposed public statement of the other side will not be unreasonably withheld. The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so. Notwithstanding the foregoing, the Parties may include on their websites or provide to Settlement Class members, the notice and any signed orders from the Court regarding the settlement, and may respond to inquiries from Settlement Class members regarding the substance of the settlement, provided however that such responses shall in no way be disparaging to a Party. CPK may, at its sole discretion, make a public statement about its operating procedures, or changes to these procedures, relating to cybersecurity.

26. **Authority to Execute Agreement:** Each person executing this Settlement Agreement represents that he or she is authorized to execute it.

_____  _____
Mason Barney                        David Lietz
Date:  May 2, 2022                  Date: May 2, 2022


_____  _____
Rachele R. Byrd                     Daniel O. Herrera
Date:  May 2, 2022                  Date:  May 2, 2022

**Attorneys for Plaintiffs and the Settlement Class**

_____

Date: _____



**LEWIS BRISBOIS LLP**
Attorney for Defendant

_____
Jon Kardassakis


Date:  May 2, 2022

19