1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CALIFORNIA PIZZA KITCHEN DATA BREACH LITIGATION<br><br>This Document Relates To:<br>All Actions | Master File No. 8:21-cv-01928-DOC-KES<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [44]**<br><br>**DATE:**    **June 13, 2022**<br>**TIME:**    **8:30 a.m.**<br>**CTRM:**    **10 A**<br>**JUDGE:**    **Hon. David O. Carter** |

1      This matter is before the Court on the Plaintiffs' Motion for Preliminary
2  Approval of Class Action Settlement ("Motion"). Plaintiffs Kansas Gilleo, Sydney
3  Rusen, Esteban Morales, Douglas Wallace, Brett Rigas, and Evencio Diaz
4  ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and
5  Defendant California Pizza Kitchen, Inc. ("Defendant" or "CPK" and, together with
6  Plaintiffs, the "Parties") have entered into a Settlement Agreement and Release,
7  dated May 2, 2022 ("Settlement Agreement"), that, subject to the Court's approval
8  and final hearing on the matter, will resolve this lawsuit. Having considered the
9  Motion, the Settlement Agreement and all corresponding and supporting documents
10 attached thereto, the record in this matter, and the briefs and arguments of counsel,
11 IT IS HEREBY ORDERED as follows:

12     1.    Unless otherwise defined herein, all terms capitalized herein shall have
13 the same definitions ascribed to them as in the Settlement Agreement.

14     2.    The Court retains continuing and exclusive jurisdiction over this
15 litigation, including Class Representatives, Defendant, and Settlement Class
16 members, and all matters arising out of or connected with the settlement, including
17 the administration and enforcement of the Settlement Agreement.

18 **Preliminary Approval**

19     3.    The Court has carefully reviewed all of the terms of the proposed
20 Settlement Agreement, all corresponding and supporting documents attached
21 thereto, Plaintiffs' Motion and corresponding papers filed therewith, including the
22 declaration of counsel and the Claims Administrator. Based on its review of these
23 documents, the Court finds the Settlement Agreement to be fair, reasonable, and
24 adequate, and the result of vigilant, informed, non-collusive arms'-length
25 negotiations overseen by an experienced and neutral mediator. The Court further
26 finds that the Settlement Agreement is the result of informal discovery and the terms
27 of the Settlement Agreement fall within the range of possible approval.

28

4. The Court hereby GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**Preliminary Certification of Settlement Class**

5. The Court preliminarily certifies, for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(b)(3), the Settlement Class and subclass defined in the Settlement Agreement as follows:

**Settlement Class:**

All persons who were sent notice of the Data Security Incident announced by Defendant on or about November 15, 2021.

**California Settlement Subclass:**

All persons residing in California who were sent notice of the Data Security Incident announced by Defendant on or about November 15, 2021.

Specifically excluded from the Settlement Class and California Settlement Subclass are: (i) CPK's officers and directors at the time of the mediation and/or at the time of the signing hereof; (ii) any entity in which CPK has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of CPK. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. The Settlement Class and California Settlement Subclass are estimated to include 103,767 and 30,781 individuals, respectively.

6. The Court preliminarily finds that the Settlement Class and California Settlement Subclass each satisfy the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: (1) the Settlement Class and California Settlement Subclass are each sufficiently numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the Settlement Class and California

2

Settlement Subclass, (3) the Class Representatives' claims are typical of the Settlement Class and California Settlement Subclass members, and (4) the Class Representatives fairly and adequately protect the interests of the Settlement Class and California Settlement Subclass.

7.     The Court hereby appoints Kansas Gilleo, Sydney Rusen, Esteban Morales, Douglas Wallace, Brett Rigas, and Evencio Diaz as the Class Representatives of the Settlement Class. The Court further appoints Sydney Rusen, Esteban Morales, and Doug Wallace as Class Representatives of the California Settlement Subclass.

8.     The Court hereby appoints Mason Barney of Siri & Glimstad LLP; David Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; Daniel O. Herrera Cafferty Clobes Meriwether & Sprengel LLP; and Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP as Settlement Class Counsel.

### Notice and Administration

9.     Pursuant to the Settlement Agreement, the parties have designated Epiq Class Action and Claims Solutions, Inc. ("Epiq") as the Claims Administrator. Epiq shall perform all duties necessary for notice and administration as set forth in the Settlement Agreement. Pursuant to the Settlement Agreement, Epiq will make important documents, such as the Settlement Agreement and Claim Form (which Settlement Class members have the option to submit online), accessible on the settlement website.

10.     The Court finds that the Class Notice plan as set forth in the Settlement Agreement satisfies the requirements of due process and provides the best notice practicable under the circumstances pursuant to Federal Rule of Civil Procedure 23(e)(1). The Class Notice plan is reasonably calculated to inform the Settlement Class members of the nature of the litigation, the terms and conditions of the Settlement Agreement, the right of Settlement Class members to object to the

Settlement Agreement or exclude themselves from the Settlement Class, including instructions about the process for doing so, and the Final Approval Hearing details. The Court approves the Class Notice plan, including the Claim Form, and directs the Settlement Administrator and the parties to proceed with providing Notice to the Settlement Class as set forth in the Settlement Agreement and this Order.

<u>**Settlement Class Member Exclusions and Objections**</u>

11.   Settlement Class members who request to opt-out and exclude themselves from the Settlement Class must do so by notifying the Settlement Administrator in writing. To be valid, the opt-out request must be mailed to the Settlement Administrator no later than 60 days after the Notice Date, must be in writing and must state the name, address, and phone number of the person seeking exclusion, and must contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the CPK lawsuit." Settlement Class members who submit a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement. Any Settlement Class member who does not submit a timely request for exclusion in accordance with the Settlement Agreement will forfeit the opportunity to be excluded from the settlement and will be bound by the Settlement Agreement upon entry of the Final Judgment and Order.

12.   Settlement Class members who wish to object to the Settlement Agreement must do so by submitting a written objection to the Settlement Administrator in accordance with the procedures outlined in the Class Notice and this Order, filed or postmarked no later than 60 days after the Notice Date and must include the following information:

> (i)   The name of this proceeding (*In re: California Pizza Kitchen Data Breach Litigation*, No. 8:21-cv-01928-DOC-KES or similarly identifying words such as CPK Data Breach Lawsuit);

(ii)   the Settlement Class member's name, address, and telephone number;

(iii)   all legal and factual bases for any objection;

(iv)   copies of any documents that the Settlement Class member wants the Court to consider;

(v)   the identity of the objector's attorney, if any; and

(vi)   should the Settlement Class member or their attorney wish to appear at the Final Approval Hearing, the Settlement Class member must so state, and must identify any documents or witnesses the Settlement Class member intends to submit, or call, on his or her behalf.

13.   Any Settlement Class member who does not timely submit a written objection pursuant to the procedures outlined above and the procedures detailed in the Class Notice and Settlement Agreement waives the right to object or be heard at the Final Approval Hearing, shall be forever barred from making any objection to the Settlement Agreement, and will be bound by the Settlement Agreement upon entry of the Final Judgment and Order.

### Final Approval Hearing

14.   The Court will hold a Final Approval Hearing on November 3, 2022 at 7:30 a.m., in Courtroom 10A of the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516.

15.   At the Final Approval Hearing, the Court will review, and rule on, the following issues:

a.   Whether this matter should be finally certified as a class action for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3);

b.   Whether the settlement should be approved as fair, reasonable,

5

and adequate under Fed. R. Civ. P. 23(e);

      c.    Whether this lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

      d.    Whether the Settlement Class members should be bound by the releases set forth in the Settlement Agreement;

      e.    Whether the application of Class Counsel for an award of attorneys' fees, costs, and expenses and service awards should be approved under Fed. R. Civ. P. 23(h); and

      f.    Any other issues the Court deems appropriate.

16.    Settlement Class members do not need to attend the Final Approval Hearing, nor take any other action to indicate their approval of the proposed Settlement Agreement (besides submitting the aforementioned Claim Form). However, any Settlement Class members who wish to be heard must appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class members.

**Settlement Administration Timeline, Injunction, and Termination**

17.    To facilitate the timely administration of this case, the Court hereby sets the following schedule:

| Event | Deadline |
|---|---|
| Defendant to provide Settlement Class member data to the Claims Administrator | 10 days after entry of this Order |
| Last day for Settlement Administrator to mail Settlement Notice to Settlement Class Members (the "Notice Date") | 30 days after entry of this Order |

| Event | Deadline |
|-------|----------|
| Last day for Settlement Class Members to submit Claim Forms | 90 Days from the Notice Date |
| Deadline to Submit Motion for Attorneys' Fees, Costs and Service Awards | At Least 14 Days Before the Objection Deadline |
| Deadline to Object and Comment on Settlement | 60 Days from the Notice Date |
| Deadline to Submit Request for Exclusion | 60 Days from the Notice Date |
| Final Approval Hearing | November 3, 2022 |

18.     All proceedings and deadlines in this matter, except those required to implement this Order and the Settlement Agreement, are hereby stayed and suspended until further order from the Court.

19.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (1) the Settlement Agreement and this Order shall become null and void and shall be without prejudice to the rights of the parties, shall have no further force or effect, and shall not be used in this litigation or any other proceedings for any purpose other than as necessary to enforce the terms of the Settlement Agreement that survived termination, (2) this litigation will revert to the status that existed before the Settlement Agreement was executed, and (3) no term(s) or draft(s) of the Settlement Agreement or any part of the settlement discussions, negotiations, or documentation of any kind, related to the Settlement Agreement, whatsoever, shall (a) be admissible into evidence for any purpose in this litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survived termination, (b) be deemed an admission or concession by any settling party regarding the validity of any of the

7

1    Released Claims or the propriety of certifying any class against Defendant, or (c) be

2    deemed an admission or concession by any of the parties regarding the truth or falsity

3    of any facts alleged in the litigation or the availability or lack of availability of any

4    defense to the Released Claims.

5         **IT IS SO ORDERED.**

6

7    DATED:  June 30, 2022

8    HON. DAVID O. CARTER
     U.S. DISTRICT COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28