1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN RE: CALIFORNIA PIZZA KITCHEN DATA BREACH LITIGATION<br><br>This Document Relates To:<br>All Actions | Master File No. 8:21-cv-01928-DOC-KES<br><br>**FINAL JUDGMENT AND ORDER [68] [70]**<br><br>**CTRM:** 10 A<br>**JUDGE:** Hon. David O. Carter |
|---|---|

On June 30, 2022, the Court entered an order granting preliminary approval (the "Preliminary Approval Order" (ECF No. 57)) to the May 2, 2022 Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Kansas Gilleo, Sydney Rusen, Esteban Morales, Douglas Wallace, Brett Rigas, and Evencio Diaz ("Plaintiffs"), individually and on behalf of the Settlement Class (defined below), and Defendant California Pizza Kitchen, Inc. ("Defendant" or "CPK" and, together with Plaintiffs, the "Parties").

Commencing on July 29, 2022, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Epiq Class Action and Claims Solutions, Inc. ("Epiq"), provided Notice[1] to Settlement Class members in compliance with Section 12 of the Settlement Agreement and the Class Notice plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully and accurately informed Settlement Class members about the Consolidated Cases and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

(d) provided the time, date, and place of the Final Approval Hearing.

On November 7, 2022, the Court held a Final Approval Hearing to determine

---

[1] Unless otherwise defined herein, all terms capitalized herein shall have the same definitions ascribed to them as in the Settlement Agreement.

whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing these Consolidated Cases with prejudice. The Court held a second hearing on December 5, 2022. The Court reviewed (a) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for an Award off Attorneys' Fees, Reimbursement of Costs and Expenses and Service Awards (together, the "Motions") and all supporting materials, including but not limited to the Settlement Agreement and the exhibits thereto; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motions.

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class members. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel with the assistance of an experienced third-party neutral, with full knowledge of the facts, the law, and the risks inherent in litigating the Consolidated Cases, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class members.

3. The Court grants final approval of the Settlement Agreement in full,

1  including but not limited to the releases therein and the procedures for effecting the
2  Settlement. All Settlement Class members who have not excluded themselves from
3  the Settlement Class are bound by this Final Judgment and Order.

4.  The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class members submitting valid Claim Forms, pursuant to the terms and conditions in the Settlement Agreement.

**OBJECTIONS AND REQUESTS FOR EXCLUSION**

5.  One objection to the Settlement was submitted by Settlement Class members. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6.  Four persons made valid and timely requests to be excluded from the settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement and this Final Judgment and Order and shall not be entitled to any of the benefits afforded to Settlement Class members under the Settlement Agreement.

**CERTIFICATION OF THE SETTLEMENT CLASSES**

7.  Solely for purposes of the Settlement Agreement and this Final Judgment and Order, the Court hereby certifies the following Settlement Class and subclass:

> **Settlement Class:**
> All persons who were sent notice of the Data Security Incident announced by Defendant on or about November 15, 2021.
>
> **California Settlement Subclass:**

        All persons residing in California who were sent notice of the Data Security Incident announced by Defendant on or about November 15, 2021.

Specifically excluded from the Settlement Class and California Settlement Subclass are: (i) CPK's officers and directors at the time of the mediation and/or at the time of the signing hereof; (ii) any entity in which CPK has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of CPK. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. The Settlement Class and California Settlement Subclass are estimated to include 103,767 and 30,781 individuals, respectively.

      8.    The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class and California Settlement Subclass are certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

      9.    The Court grants final approval to the appointment of Representative Plaintiffs Kansas Gilleo, Sydney Rusen, Esteban Morales, Douglas Wallace, Brett Rigas, and Evencio Diaz as the Class Representatives, and further appoints Sydney Rusen, Esteban Morales, and Doug Wallace as Class Representatives of the California Settlement Subclass, and concludes that they have fairly and adequately represented the Settlement Classes and shall continue to do so.

      10.    The Court grants final approval to the appointment of Mason Barney of Siri & Glimstad LLP; David Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; Daniel O. Herrera Cafferty Clobes of Meriwether & Sprengel LLP; and Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel. Class Counsel have fairly and adequately represented the Settlement Classes and

shall continue to do so.

## NOTICE TO THE CLASS

11. The Court finds that the Class Notice plan provided for in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Consolidated Cases, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## ATTORNEYS' FEES AND COSTS, SERVICE AWARDS

12. Plaintiffs ask the Court for an award of $800,000, citing a lodestar of $687,681.00 and total expenses of $26,367.05. Plaintiffs' Supplement to Motion (Dkt. 81). This award would constitute 36.3% of the total class benefit, which is $2,133,719. *Id.* at 4–5. Plaintiffs cite 1,028.10 total hours, which comes out to an average hourly rate of $668.88. Supplemental Declaration of Rachele R. Byrd (Dkt. 81-1) at ¶ 5.

13. The Court awards Class Counsel $800,000 in fees and reimbursement of costs and expenses. The Court finds this amount to be fair and reasonable. Payment shall be made pursuant to the procedures in Section 5(a) of the Settlement Agreement.

14. The Court awards Service Awards of $2,000 to each of Kansas Gilleo, Sydney Rusen, Esteban Morales, Douglas Wallace, Brett Rigas, and Evencio Diaz. The Court finds these amounts are justified by their service to the Settlement Class.

Payment shall be made from the Settlement Fund pursuant to the procedures in Section 5(b) of the Settlement Agreement.

### RELEASE

15. Each Settlement Class member, including the Class Representatives, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the other Released Parties from any and all of the Released Claims (including unknown claims) as defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Section 9 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Class Representatives and settlement Class Members are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) and all similar federal or state laws, rules, or legal principles of any other jurisdiction similar, comparable, or equivalent to California Civil Code § 1542.

16. The Settlement Agreement and this Final Judgment and Order apply to all claims or causes of action settled under the Settlement Agreement, and binds Class Representatives and all Settlement Class members who did not properly request exclusion. The Settlement Agreement and this Final Judgment and Order shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Consolidated Cases.

## OTHER PROVISIONS

17. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement, and make available to Settlement Class members the relief provided for therein, in accordance with the Settlement Agreement's terms and provisions.

18. The Settlement Agreement and this Final Judgment and Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Consolidated Cases.

19. The Settlement Agreement and this Final Judgment and Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Judgment and Order may be filed in any action by any Defendant or the Settlement Class members seeking to enforce the Settlement Agreement or the Judgment and Order.

20. If the Effective Date does not occur for any reason, the Consolidated Cases will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Consolidated Cases as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the litigation.

21. Without affecting the finality of this Final Judgment and Order, the

Court will retain jurisdiction over these Consolidated Cases and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

22. The Court hereby dismisses the Consolidated Cases in their entirety with prejudice, and without fees or costs except as otherwise provided for herein.

/ / /

/ / /

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED:  February 22, 2023

*David O. Carter*

HON. DAVID O. CARTER
UNITED STATES DISTRICT COURT JUDGE